ROSE GOLDEN, Appellant, et al., Plaintiffs, v. NATIONAL CASH REGISTER COMPANY, Respondent.— The complaint contains two causes of action. The first is by plaintiff wife, an employee of Gimbel Bros., Inc., to recover damages for personal injuries suffered in the course of her employment when the drawer of a cash register, manufactured by the defendant, suddenly opened with great force and struck her on the right breast. The second is by her husband for expenses and loss of services. Defendant, pursuant to subdivision 3 of rule 107 of the Rules of Civil Practice, made a motion to dismiss the first cause of action on the ground that plaintiff wife had no legal capacity to sue because she had accepted benefits under the Workmen's Compensation Law. The Special Term held that there were certain questions of fact arising upon the motion and, pursuant to rule 108 of the Rules of Civil Practice, made an order directing that five questions be tried by a jury, and that any application based on the verdict be submitted to and determined by the Justice presiding at Special Term. The jury answered each question in favor of plaintiff wife, and defendant's motion to set aside the verdict as against the weight of the evidence was denied by the trial court. Plaintiff thereupon applied at Special Term for an order confirming the jury's verdict and the court denied plaintiff's motion and granted defendant's original motion to dismiss the first cause of action; and judgment was entered in favor of defendant. Plaintiff appeals from the order and judgment entered thereon. Order and judgment reversed on the law and the facts, with $10 costs and disbursements, plaintiff's motion to confirm the verdict granted, and defendant's motion to dismiss the first cause

of action denied, with $10 costs. In view of the stipulation of the parties, signed on December 6, 1943, and the provisions of the order framing issues, entered December 9, 1943, the Special Term had power to set aside the verdict as against the weight of the evidence, but it was error to do so because the verdict was amply supported by the evidence. Close, P. J., Hagarty, Johnston and Aldrich, JJ., concur; Lewis, J., not voting. [See *post*, p. 940.]